UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VICTOR MANUEL RAMIREZ NAJERA,<br><br>          Plaintiff,<br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; APPFOLIO, INC.; and NATIONSTAR MORTGAGE LLC d/b/a RUSHMORE SERVICING.<br><br>          Defendant. | Case No.: 4:25-cv-00443-P |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND
DISCOVERY DEADLINE FOR ADDITIONAL DEPOSITION**

Plaintiff Victor Manuel Ramirez Najera ("Plaintiff"), by and through the undersigned counsel, respectfully moves the Court to extend the discovery deadline to permit a deposition of a witness whose deposition was originally noticed to take place before the expiration of the fact discovery deadline.[1] As detailed below, Experian initially moved for a protective order asking the Court to preclude Plaintiff from taking the deposition of the witness, the Court instructed the Parties to meet and confer after the fact discovery deadline expired, the parties did so, and Experian has now agreed to produce the witness for a deposition on December 19, 2025. In support of this motion, Plaintiff respectfully states as follows:

---

[1] Plaintiff acknowledges that Plaintiff moved to extend all remaining deadlines and continue the trial date and included a request for leave to take Mr. Avalos' deposition out of time in that motion [Dkt. No. 96], which the Court denied [Dkt. No. 97]. Plaintiff maintains that the Court's original Order on this matter contemplated taking Mr. Avalos' deposition after the fact discovery – a fact with which Experian agrees – and Plaintiff's understanding is that the Court's denial related to the relief sought therein (i.e., extension of all remaining deadlines) rather than the relief sought relating to this deposition. However, Plaintiff seeks the relief identified in this Motion out of an abundance of caution and because, as detailed herein, Experian has communicated it will not agree to produce Mr. Avalos for a deposition without the Court entering an Order that this discovery may proceed.

1

I. **PROCEDURAL BACKGROUND**

The deadline for completion of fact discovery in this case was set by the Court as November 21, 2025. *See* [Dkt. No. 27]. Plaintiff's counsel initially requested the deposition of Mr. Sean Avalos[2] on August 6, 2025. At the time, Experian objected to producing Mr. Avalos based on a number of factors, including: (1) that Mr. Avalos was employed by a sister-company of Experian in Costa Rica rather than Experian itself and that Experian therefore did not have control over Mr. Avalos; and (2) that Mr. Avalos was not a managing agent and therefore not subject to a 30(b)(1) deposition notice.

On October 8, 2025, Plaintiff took the 30(b)(6) deposition of Experian. During that deposition, deponent Teresa Iwanski testified about Experian's control over dispute agents employed by Experian's sister-companies in other countries and about dispute agents' ability to make independent decisions relating to processing of consumer disputes. One week later, Experian identified Mr. Avalos by name as the dispute agent who processed Plaintiff's July 2024 mailed dispute. *See* Ex. A, Email from Experian. Thereafter, Plaintiff served a deposition notice on Experian to take Mr. Avalos' deposition on November 13, 2025 – before the expiration of the fact discovery deadline. Ex. B, Plaintiff's Notice of Deposition.

On November 11, 2025, Experian filed a Motion for Protective Order to Quash the Notice of Deposition of Sean Avalos. [Dkt. No. 73]. The next day, the Court ordered the parties to confer further and for Experian to notify the Court in writing by December 2 if the motion was rendered moot or file an amended motion as to the remaining disputed matters only by December 10, with

---

[2] Plaintiff notes that the deposition notice served by Plaintiff on August 6, 2025, did not identify Mr. Avalos by name as his name was then unknown to the undersigned. However, the notice identified the witness as, "**THE INDIVIDUAL EMPLOYED BY DEFENDANT WHO PERSONALLY HANDLED OR WAS RESPONSIBLE FOR CONDUCTING THE REINVESTIGATION OF PLAINTIFF'S DISPUTE**," and Plaintiff now knows that this is Mr. Avalos.

Plaintiff's response due by December 17. [Dkt. No. 78]. Specifically, the Court found "the parties should be given a final opportunity to resolve this motion without court intervention." *Id*. at 1.

Thereafter, consistent with the Court's instructions, the Parties met and conferred concerning the deposition of Mr. Avalos. After multiple discussions, Experian notified Plaintiff on December 12, 2025, that Experian would agree to facilitate the deposition of Mr. Avalos on December 19, 2025, and on December 16, 2025, Plaintiff served an updated notice of deposition for Mr. Avalos. Ex. C, Plaintiff's Notice of Deposition (December). After the Court's denial of Plaintiff's Motion to Extend Time for All Remaining Deadlines, Experian communicated that it would not produce Mr. Avalos for the December 19 deposition unless Plaintiff obtained leave of court to take this discovery. *See* Ex. D, Email Concerning Motion to Extend.

The undersigned conferred with counsel for Experian, and Experian is unopposed to Plaintiff taking Mr. Avalos' deposition outside of the close of discovery in this case. Counsel for Experian further represented that Experian is holding this date for Mr. Avalos' deposition pending Plaintiff's motion seeking leave for the same.

Accordingly, pursuant to this Honorable Court's Scheduling Order, B. Scheduling Instructions, ¶ 12 Modification of Scheduling Order, and the Federal Rules of Civil Procedure 6, 16, and 26, Plaintiff respectfully requests leave of Court to modify the Scheduling Order to extend the discovery deadline solely for the purpose of conducting the deposition of Mr. Avalos.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b) authorizes a court, "for good cause," to extend a deadline set by the Rules or by court order, and it permits an extension **after** the deadline has expired when the movant can demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In the Fifth Circuit, "excusable neglect" is an equitable inquiry guided by the Supreme

Court's *Pioneer* factors, including: "[1] the danger of prejudice to the [non-movant]; [2] the length of the delay and its potential impact on the judicial proceedings; [3] the reason for the delay, including whether it was within the reasonable control of the movant; and [4] whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161-62, n.8 (5th Cir. 2006) (citing *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)).

Where a scheduling order sets a deadline for completing discovery, including depositions, a party seeking to conduct discovery after that deadline must satisfy Rule 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." *S&W Enters., v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). "Good cause" requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id*. (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

### III.   ARGUMENT

Good cause exists to extend the discovery deadline to conduct a deposition of Mr. Avalos until December 19, 2025. As detailed above, Plaintiff sought Mr. Avalos' deposition on November 13, 2025 – before the close of fact discovery. Ex. B. Because Experian sought relief from the Court via its Motion for Protective Order, Plaintiff was unable to take Mr. Avalos' deposition before the fact discovery deadline expired on November 21, 2025. Thereafter, the Court instructed the Parties to meet and confer in good faith in order to attempt to "resolve this motion without court intervention." [Dkt. No. 78] at 1. The Court's Order also explicitly contemplated that resolution of this issue may not occur until after the close of discovery. *See generally*, *id*. (setting November 26 deadline for Parties to meet and confer, December 2 deadline for Experian to notify the Court if the motion was rendered moot, December 10 deadline for Experian to file an amended motion,

December 17 for Plaintiff to respond, and December 24 for Experian to file a reply).

In compliance with the Court's Order, the Parties met and conferred concerning Mr. Avalos' deposition. Specifically, the Parties discussed Mr. Avalos' deposition – and Experian's Motion for Protective Order – during more than one meet and confer telephone calls prior to the Court's November 26 deadline. Additionally, at counsel for Experian's request, the undersigned provided counsel for Experian with information about prior cases in which Experian had agreed to produce dispute agents. *See* Ex. E, Email from Plaintiff. Thereafter, counsel for Experian notified the undersigned on December 12 that Experian would no longer seek a protective order concerning Mr. Avalos' deposition and would allow the deposition to proceed on December 19, but later clarified that it would only agree to do so if the Court granted Plaintiff leave to take this discovery following the fact discovery deadline.

These facts make clear that both good cause and excusable neglect exist here. Concerning good cause, the relevant inquiry concerns analysis of whether the party unable to meet a deadline was diligent. *See*, e.g., *S&W Enters*, 315 F.3d at 535. Here, Plaintiff was diligent in seeking the relevant discovery before the expiration of the fact discovery deadline. Plaintiff initially sought a deposition of Mr. Avalos (though his name was unknown at the time) in August 2025. When Experian objected, Plaintiff developed facts through Experian's 30(b)(6) deposition sufficient to address Experian's objections. Thereafter, Plaintiff served a notice of deposition for Mr. Avalos' deposition before the fact discovery deadline expired and was only precluded from securing Mr. Avalos' deposition because Experian moved this Court for a protective order. *See* [Dkt. No. 73]. Thereafter, Plaintiff complied with the specific deadlines set forth by this Court in its Order directing the Parties to make good faith efforts to resolve this dispute without the need for intervention from the Court. *See* [Dkt. No. 78]. In short, Plaintiff was diligent in seeking this

discovery **before** the relevant deadline and was only unable to secure said discovery before that deadline because of pending involvement from the Court – the need for which has now been obviated **because** of the meet and confer process.

Excusable neglect exists as well.[3] The first element of the excusable neglect inquiry analyzes the danger of prejudice to the non-movant. *Adams*, 465 F.3d at 161-62, n.8. Here, there is no conceivable prejudice to Experian. Experian has already agreed to produce Mr. Avalos and has confirmed that it is holding the deposition date pending the Court's granting of this very motion. Thus, the first element weighs entirely in favor of a finding of excusable neglect.

The second element looks at the length of the delay and its potential impact on the judicial proceedings. *Adams*, 465 F.3d at 161-62, n.8. As detailed above, the Court's Order directing the Parties to meet and confer about Experian's then-pending Motion for Protective Order explicitly contemplated that this dispute may not be resolved until later than December 24, 2025. *See* [Dkt. No. 78] (setting December 24 deadline for Experian's reply). In fact, Experian agreed with Plaintiff that the Court's original Order on Experian's Motion for Protective Order contemplated resolution of these matters outside of the fact discovery period. *See* Ex. D. Taking this deposition five days earlier than the date on which the Court anticipated the closing of briefing is the inverse of a delay. Moreover, while Plaintiff sought an extension to remaining deadlines, the Court has already made clear that deadlines will not be moved. Considering that pre-trial disclosures and objections are not due until March of 2026, Mr. Avalos' deposition will have no conceivable impact on trial or any pretrial disclosures, and any impact on the Parties' forthcoming dispositive motions can be ameliorated by ordering a "rush" transcript, recording the deposition via video/audio, and other

---

[3] Plaintiff respectfully avers that the facts make clear that there was no neglect – excusable or otherwise – on the part of Plaintiff. However, Plaintiff addresses the excusable neglect factors nonetheless to make clear that all elements of the excusable neglect inquiry are easily satisfied.

means. Thus, this element also weighs heavily in favor of a finding of excusable neglect.

The third element examines the reason for the delay, including whether it was within the reasonable control of the movant. *Adams*, 465 F.3d at 161-62, n.8. Again, as detailed above, the entire reason for the delay was the fact that a motion for protective order precluded Plaintiff's ability to secure the deposition in question. Then, later, Plaintiff and Experian both followed the Court's instructions concerning the good faith meet and confer process in order to avoid the necessity of the Court's involvement in adjudicating this issue. These facts make clear that the delay was not within Plaintiff's control. Instead, Plaintiff complied with the Court's timeline concerning the meet and confer process and agreed to a deposition with only a single week's notice when Experian alerted the undersigned that it would no longer seek protection from the Court. Once again, this element weighs heavily in favor of a finding of excusable neglect.

The fourth element examines whether the movant acted in good faith. *Adams*, 465 F.3d at 161-62, n.8. This element may be the element which weighs most strongly in favor of a finding of excusable neglect. Here, Plaintiff sought the disputed discovery before the fact discovery deadline expired and was only precluded from taking this discovery because of the operation of a procedural mechanism by way of Experian's Motion for Protective Order. Plaintiff then complied with the specific timeline set forth by this Court and took to heart the Court's edict to work together with Experian in resolving this dispute without the need for further involvement from the Court. Indeed, **because of that** participation in the meet and confer process, the Parties were able to come to an agreement and avoid the need for Experian to file an amended Motion for Protective Order (and, correspondingly, the need for Plaintiff to respond and the Court to rule). This is precisely what the Court envisioned when it required the Parties to go through the meet and confer process in good faith, and it was participation in that process that led to the resolution of this issue without the need

for the Court to adjudicate the matter. Unquestionably, Plaintiff has acted in good faith, and this element weighs strongly in favor of a finding of excusable neglect.

The discovery in question is important and necessary because Mr. Avalos possesses specific, personal knowledge about how Experian processed Plaintiff's mailed dispute, an event which directly relates to several of the issues in dispute. In fact, he is the only person who possesses certain relevant knowledge. Moreover, because Mr. Avalos resides in another country, Plaintiff will be unable to serve a trial subpoena on Mr. Avalos, meaning his deposition testimony will be the only avenue for Plaintiff to secure this discovery which will contain important information relevant to the jury's determination of key issues at trial.

As detailed above, both good cause and excusable neglect exist to extend the discovery deadline for the limited and specific purpose of taking Mr. Avalos' deposition. Moreover, Experian is unopposed to this request and has already agreed to hold the date and time for Mr. Avalos' deposition pending the Court's granting of this Motion. Extension of the discovery deadline for this limited and specific purpose will allow Plaintiff to secure this crucial discovery and will not affect any other deadlines in the Court's Scheduling Order. Finally, this request is not being made for purposes of delay, but rather for good cause.

## IV.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests and prays that this Court enter an Order extending the deadline of discovery to for the limited and specific purpose of taking the deposition of Mr. Sean Avalos on December 19, 2025, or for such other relief as the Court deems just and proper.

//

RESPECTFULLY SUBMITTED on December 16, 2025.

By: */s/ James Ristvedt*
James Ristvedt, AZ Bar #035938
**CONSUMER JUSTICE LAW FIRM PLC**
8095 N. 85th Way
Scottsdale, AZ 85258
E: jristvedt@consumerjustice.com
T: (480) 626-1956
F: (480) 613-7733

Youssef H. Hammoud (SBN: 321934)
**THE CREDIT ATTORNEY, INC.**
601 N Parkcenter Drive Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorneys for Plaintiff,*
*Victor Manuel Ramirez Najera*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a), I certify that I met and conferred with counsel for Defendant Experian Information Solutions, Inc. ("Experian") regarding the relief requested herein. Counsel for Experian confirmed Experian is unopposed to Plaintiff's motion.

By: */s/ James Ristvedt*
James Ristvedt, AZ Bar #035938
**CONSUMER JUSTICE LAW FIRM PLC**
8095 N. 85th Way
Scottsdale, AZ 85258
E: jristvedt@consumerjustice.com
T: (480) 626-1956
F: (480) 613-7733

*Attorneys for Plaintiff,*
*Victor Manuel Ramirez Najera*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I electronically filed the following document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM**
By: */s/ Roxanne Harris*