# EXHIBIT E

# James Ristvedt

| | |
|---|---|
| **From:** | James Ristvedt |
| **Sent:** | Tuesday, November 18, 2025 5:30 PM |
| **To:** | Anthony, Rebecca W. |
| **Cc:** | Douglas, Camden L.; Mehak Rizvi; Youssef H. Hammoud; Shaun Pambid; David Chami; Zion Levi |
| **Subject:** | Experian Dispute Agent Depositions |
| **Attachments:** | Exhibit 01 - Morales Deposition (Garcon v. Experian).pdf; Exhibit 02 - Singer Order (Duncan v. Experian).pdf; Exhibit 03 - Mott Order (Hoskins v. Experian).pdf; Exhibit 04 - Transcript of Hearing (Huizar v. Experian).pdf; Exhibit 07 - Email (Sublett v. Experian).pdf; Exhibit 08 - Letter Opposition (Garcon v. Experian).pdf |

Rebecca,

As discussed, I am sending over information about circumstances in which Experian has produced non-American dispute agents – either voluntarily or after being compelled to do so. Please see the attached exhibits, which I expect we will file with our opposition to Experian's motion for protective order. A couple relate to domestic dispute agents. The following is a very brief summary:

1. ***Garcon v. Experian*:** This is a case from 2023 in which Jones Day attorney Melanie Chan filed a letter (Exhibit 08) briefing Experian's efforts to oppose the plaintiff's efforts to seek a second deposition of an Experian Services Chile employee. The letter details that Experian voluntarily produced Ruth Morales, a supervisor employed by Experian Services Chile. *See also*, Exhibit 01, Morales Deposition.
2. ***Sublett v. Experian*:** This is an email from a case from 2020 in which Jones Day attorney Daria Kasparek identified that Experian voluntarily produced an Experian Services Chile dispute agent, Mr. Figureoa.
3. ***Duncan v. Experian*:** This is an order from a JAMS case from 2024 in which Experian was ordered to produce its Costa Rican and/or Chilean dispute agents who handled the consumer's dispute.
4. ***Huizar v. Experian*:** This is a transcript from a hearing from 2023 in which the Judge told Experian's Jones Day attorney, over objections, that "I think it's entirely reasonable in attempting to decide what is a 'reasonable investigation' **to be able to talk to the person who allegedly conducted the reasonable investigation, and so I just thoroughly agree with the plaintiff on this matter**. [...] And I'm going to authorize these depositions to be held by Zoom."
5. ***Pongsai v. American Express Co.***, Civil Action No. 19-1628, 2021 WL 5000696 (C.D. Cal.) (Experian produced its Costa Rican dispute investigator, Suzanne Bardilla, for deposition on January 30, 2020)
6. ***Hill-Green v. Experian***, Civil Action No. 3:19-cv-708, 2020 WL 5539042 (E.D. Va.) (Experian produced two Chilean dispute investigators, Jacqueline Rosas and Danila Acuna, for deposition in 2022).
7. ***Hoskins v. Experian*:** This is an order from a JAMS case from 2024 in which Experian was ordered to produce its dispute agents (this order was not limited to a location of dispute agents).

Please let us know if your client will modify its position and make the dispute agent at issue in this case available for what I would expect would be a relatively short and remote deposition.

Warmest regards,

James Ristvedt, Esq. | Managing Attorney & Trial Counsel
**Consumer Justice Law Firm**
D: 480-626-1956 | F: 480-613-7733
E: jristvedt@consumerjustice.com | W: www.consumerjustice.com
A: 8095 N. 85th Way, Scottsdale, AZ 85258

**LICENSED:** States of Arizona, Florida
**DISTRICT COURTS:** AZ, CO, FL, IN, MI, NM, OK, TN, TX
**CIRCUIT COURTS OF APPEAL:** 3rd, 5th, 9th, 11th

**CONFIDENTIALITY NOTICE:** This email and all attachments transmitted with it are intended solely for the use of the addressees and may contain legally privileged, protected, or confidential information. If you have received this message in error, please notify the sender immediately by email reply and please delete this message from your computer and destroy any copies.